FILED
SUPERIOR COURT
OF GUAM

2019 SEP 19 PM 3: 27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FLORENCIO HARPER,<br><br>         Plaintiff,<br><br>  vs.<br><br>WON SUN P. MIN, EDGE REALTY, INC., PACIFIC K&C CORPORATION, and ZHONG YE, INC. (GUAM),<br><br>         Defendants.<hr>WON SUN P. MIN, and PACIFIC K&C CORPORATION,<br><br>      Counterclaim/Plaintiffs,<br><br>  vs.<br><br>FLORENCIO HARPER,<br><br>      Counterclaim/Defendant.<hr>WON SUN P. MIN, and PACIFIC K&C CORPORATION,<br><br>      Third Party Plaintiffs,<br><br>  vs.<br><br>ZHONG YE, INC. (GUAM),<br><br>      Third Party Defendant. | Superior Court Case No. <u>CV0041-16</u><br><br><br>**DECISION AND ORDER RE THIRD PARTY DEFENDANT ZHONG YE, INC.'S MOTION TO ALTER OR AMEND JUDGMENT** |

ORIGINAL

This matter came before the Honorable Elyze M. Iriarte on Third Party Defendant Zhong Ye, Inc.'s Motion to Alter or Amend the Court's May 1, 2019 Judgment. Having considered the parties' arguments and applicable law, the Court DENIES Zhong Ye's Motion.

## I.    FACTUAL AND PROCEDURAL HISTORY

The Court's Judgment found in favor of Won Sun Min and against Zhong Ye for $20,000. The Court calculated the Judgment based on Zhong Ye's failure to maintain Goring Villa Estates' ("GVE") common areas for the fifty months Min owned her unit, which Min testified lowered the rental value of her GVE unit by $400 per month. The legal basis for the judgment was that "[a]s the developer of GVE, Zhong Ye had a responsibility to maintain the common areas...." Find. of Fact and Concl. of Law at 20 (Mar. 13, 2019). Though Zhong Ye concedes it took over maintenance of the subdivision in January 2015 from Pacific K&C Corporation ("PKC"), it claims it did so because it was in its best interest to maintain the condominium as a majority unit owner, not because it had a duty to do so. Minute Entry (Aug. 7, 2019). It also claims it provides sufficient maintenance (Minute Entry (Aug. 7, 2019)), though evidence at trial demonstrated that GVE currently suffers from a lack of maintenance (the playground is in disrepair, trash bins are full, and the paint on the building is peeling and faded). Find. of Fact and Concl. of Law at 19.

## II.    DISCUSSION

Defendant Zhong Ye claims the Judgment is clearly erroneous and manifestly unjust. More specifically, Zhong Ye argues that (1) it neither has contractual or statutory obligations to maintain GVE's common areas and (2) even if it did have an obligation, Min presented no evidence of a maintenance standard at trial and it would be a violation of due process to hold Zhong Ye to an arbitrary standard.

ORIGINAL

## A. Duty to Maintain GVE's Common Areas

Zhong Ye argues that Guam's Horizontal Property Act does not impose a duty of maintenance at any particular level on a developer which retains ownership of some of the units in a condominium project and that it does not impose requirements for any particular level of maintenance of the project after the completion of the construction. Zhong Ye also states that Min did not testify (1) that Zhong Ye made a promise or representation to her to maintain the GVE, (2) that she complained to Zhong Ye about the maintenance, or (3) that Zhong Ye agreed to improve the maintenance of the common areas after construction. Min does not dispute these allegations but contends that individual unit owners have a right to enforce the duties prescribed under Guam's HPR regime and the condominium's Declaration and Bylaws.[1] Zhong Ye responds that because no party listed the HPR Declaration or Bylaws as an exhibit for trial, they cannot be used as evidence to find Zhong Ye had a duty to maintain the common areas.

Regardless of Zhong Ye's contractual and statutory obligations, Zhong Ye had a common law duty to maintain GVE's common areas. Guam's HPR Regime requires a developer to create an association. *See* 21 GCA § 45120. Zhong Ye admitted that the development does not have an association. Minute Entry (Aug. 7, 2019). By failing to create an association, Zhong Ye maintained control over the development's operations and governance. This imparts a fiduciary duty towards the condominium's unit owners. *See, e.g., Richard Gill Co. v. Jackson's Landing Owners' Ass'n*, 758 S.W.2d 921 (Tex. App. 1988) (fiduciary relationship established between condominium developer and unit owners because developer assumed responsibility for managing

---

[1] Min cites to *Nahrstedt v. Lakeside Village Condominium Assn.*, 8 Cal. 4th 361, 368 (Cal. 1994), for support: "central to the concept of condominium ownership is the principle that each owner, in exchange for the benefits of association with other owners, must give up a certain degree of freedom of choice which he or she might otherwise enjoy in separate, privately owned property".

ORIGINAL

condominium until owners' association had control; the relationship is established because the individuals "put their trust in [the developers] and relied upon them to fairly and competently carry out their duties"); *Laurel Rd. Homeowners Ass'n, Inc. v. Freas*, 191 A.3d 938, 950–51 (Pa. Commw. Ct. 2018), *reargument denied* (Sept. 6, 2018) (until a developer "relinquishes control to an association, the developer owes the association and its members a fiduciary duty" and is liable "for breach of the basic fiduciary duty to act in good faith, exercise proper management, and avoid conflicts of interest"); *Cohen v. S & S Construction Co.*, 201 Cal. Rptr. 173 (Ct. App. 1983) (developer liable to a homeowner's association "for breach of the basic fiduciary duty to act in good faith, exercise proper management, and avoid conflicts of interest."); *Raven's Cove Townhomes, Inc. v. Knuppe Dev. Co.*, 171 Cal. Rptr. 334 (Ct. App. 1981) (developer liable for breach of fiduciary duty when initial owners' association directors failed to exercise supervision which permitted mismanagement or nonmanagement because developer and its employees controlled the association.); *Seven Bridges Courts Ass'n v. Seven Bridges Dev., Inc.*, 714 N.E.2d 601, 603-604 (Ill. 1999) (a "common-law-based fiduciary relationship between a townhome developer and a townhome association [exists]...based upon the general relationship of the developer to the condominium association, not the specific language of the declaration involved.").

The fiduciary duty to act in good faith, exercise proper management, and avoid conflicts of interest includes a duty to maintain common areas. *See* 21 GCA § 45102(q) ("[o]peration of the property means and includes the administration and operation of the property and the maintenance, repair, and replacement of, and the making of any additions and improvements to, the common elements"); *see also* 21 GCA § 45110 (Guam's HPR regime presumes common expenses shall be charged: "common expenses shall be charged to, the


ORIGINAL

apartment owners in proportion to the common interests appurtenant to their respective apartments"); Lisa M. Pardon, *Advising Developers in Operating Community Associations*, WIS. L. 12, 15 (2004); *Orange Grove Terrace Owners Ass'n v. Bryant Properties, Inc.*, 222 Cal. Rptr. 523 (Ct. App. 1986); *Goddard v. Fairways Dev. Gen. P'ship*, 426 S.E.2d 828, 832–33 (S.C. Ct. App. 1993) (developers of a planned unit development had a fiduciary duty to ensure that the common areas were in good repair at the time they were conveyed to the association and that the developers breached this duty when they transferred substandard/deteriorated common areas to the association).

Here, although Min failed to present evidence of a promise by Zhong Ye to maintain the common areas and failed to enter GVE's Declaration and Bylaws into evidence, the Court finds that a common law based fiduciary relationship existed between Min and Zhong Ye because Zhong Ye failed to turn over control of the development to an association. Their fiduciary relationship obligates Zhong Ye to maintain GVE's common areas. This common law duty is the origin of the responsibility from Zhong Ye to Min that the Court found to exist in its Findings of Fact and Conclusions of Law.

### B. <u>Applicable Maintenance Standard</u>

"Breach of fiduciary duty claims are in some, but not all, contexts basically negligence claims incorporating particularized and enhanced duty of care concepts often requiring the plaintiff to establish the identical elements that must be established by a plaintiff in negligence actions." *Martinez v. Badis*, 842 P.2d 245, 251–52 (Colo. 1992) (*en banc*); *see also Gables at Sterling Vill. Homeowners Ass'n, Inc. v. Castlewood-Sterling Vill. I, LLC*, 417 P.3d 95, 109 (Utah 2018). The Third Restatement of Property more specifically states that "until a developer relinquishes control of a homeowners association to its members, the developer...[must] use

ORIGINAL

reasonable care and prudence in managing and maintaining the common property." Restatement (Third) of Property (Servitudes) § 6.20 (2000); *see also Old Port Cove Prop. Owners Ass'n, Inc. v. Ecclestone*, 500 So. 2d 331, 333 (Fla. Dist. Ct. App. 1986) (analyzes developers fiduciary duty towards associations under corporate law principles, finding that developers actions had to be reasonable). Other states have held developers must maintain common areas in not substandard and good repair. *Concerned Dunes W. Residents, Inc. v. Georgia-Pac. Corp.*, 562 S.E.2d 633, 637 (S.C. 2002) ("The developer of a PUD owes a duty to the POA to turn over common areas that are not substandard and that are in good repair.")

Min argues that the applicable standard of care is either good repair or reasonableness and testified as to how GVE's lack of maintenance does not reach either standard. Opp'n at 4 (May 31, 2019); Minute Entry (Aug. 7, 2019). Zhong Ye counters that its maintenance of GVE's common areas is sufficient but provided no evidence at trial in support. Reply at 3 (June 4, 2019); Minute Entry (Aug. 7, 2019). Zhong Ye also failed to challenge Min's testimony at trial concerning GVE's dilapidated playground, poor landscaping, the condominium's peeling paint, and full trash bins. Under either a reasonableness standard or a good repair standard, the Court finds Zhong Ye breached its fiduciary duty to maintain GVE's common areas.

Finally, Zhong Ye argues that it would be a violation of its due process to hold it to an arbitrary standard of maintenance without prior evidence or notice of such a standard. To satisfy the elements of procedural due process, a party must be given reasonable notice and an opportunity to be heard. *Guam Election Comm'n v. Responsible Choices for all Adults Coal.*, 2007 Guam 20 ¶ 86 (quoting *Quill Corp. v. North Dakota*, 504 U.S. 298, 312 (1992)). Here, Zhong Ye had a duty to maintain GVE's common areas, either because it assumed that duty or because it had a fiduciary relationship with GVE's unit owners. It had an opportunity at trial to

ORIGINAL

refute Min's testimony concerning GVE's lack of maintenance and how she lost income due to the lack of maintenance. Zhong Ye cannot now take advantage of shirking its duties by claiming it did not know what its duties entailed or the standard at which to perform them. Accordingly, the Court finds its Judgment was not manifestly unjust or in error because there was a legal basis in which to hold Zhong Ye liable.

## III.     CONCLUSION

Because the Court did not err in holding Zhong Ye liable for Min's lost rental income based on Zhong Ye's failure to abide by its common law duty to maintain GVE, the Court DENIES Zhong Ye's Motion to Alter or Amend the Court's May 1, 2019 Judgment.

SO ORDERED this 19th day of September 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

E VIA . . RT BO.
ge that a copy of the
to was placed in the
B. MANN , TARPLEY
AN DAELD
9/19/19   4/pm
Time:
Deputy Clerk, Superior Court of Guam

Attorneys:     Bill R. Mann, Esq. for Zhong Ye, Inc.
Curtis C. Van de veld, Esq. for Won Sun P. Min and Pacific K&C Corporation
Thomas M. Tarpley, Esq. for Florencio Harper

